UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ERIC YOUNG, et al.,<br><br>　　　　　　　　Plaintiffs,<br>　　v.<br><br>iFINEX INC., et al.,<br><br>　　　　　　　　Defendants. | CASE NO. C19-1902JLR<br><br>ORDER DENYING STIPULATED MOTION TO TRANSFER VENUE |

Before the court is the parties' stipulation and proposed order to transfer venue to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1404(a). (Stip. (Dkt. ## 9, 10).) The court has reviewed the stipulation and the applicable law. Being fully advised, the court DENIES the stipulation without prejudice to refiling in a manner that complies with the requirements of 28 U.S.C. § 1404(a).

Although the parties "stipulate and agree that this action should be transferred . . . to the United States District Court for the Southern District of New York," and although Defendants agree "to accept service of process in the Southern District of New York,"

ORDER - 1

Defendants do not agree to waive "objections to lack of personal jurisdiction." (Stip. at 1.) Prior to 2012, 28 U.S.C. § 1404(a) allowed a district court to transfer an action "to any other district or division where it might have been brought." *See* 28 U.S.C. § 1404(a) (West 2011). Congress amended § 1404(a) in 2011 to state that cases can be transferred not only to any other district or division where the action "might have been brought," but also "to any district or division to which all parties have consented." *See* 28 U.S.C. § 1404(a); *see Raisman v. U.S. Olympic Comm.*, No. 18-CV-02479-BLF, 2018 WL 6067254, at *4 (N.D. Cal. Nov. 20, 2018) (citing *Zaklit v. Glob. Linguist Sols., LLC*, No. CV 13-08654 MMM (MANx), 2014 WL 12521725, at *10 n.74 (C.D. Cal. Mar. 24, 2014)). In their stipulation to transfer venue, the parties apparently rely upon the consent clause that Congress added to 28 U.S.C. § 1404(a) in 2011. (*See generally* Stip.)

In 2011, changes to 28 U.S.C. § 1404(a) that allowed transfer "to any district or division to which all parties have consented" abrogated prior decisions which required personal jurisdiction over the defendants regardless of whether the parties consented to the transferee forum. *Fesniak v. Equifax Mortg. Servs. LLC*, No. CV 14-3728 (NLH/KMW), 2015 WL 9462087, at *4, n.2 (D.N.J. Dec. 28, 2015); *see Guzzetti v. Citrix Online Holdings GmbH*, No. 12-1152, 2013 WL 124127, at *3 n.2 (D. Del. Jan. 3, 2013) (stating that, after the 2011 amendment of 28 U.S.C. § 1404(a), "no longer is personal jurisdiction over the defendant required where all parties consent to the transferee forum"); *see also Metz v. U.S. Life Ins. Co. in City of New York*, 674 F. Supp. 2d 1141, 1145 (C.D. Cal. 2009) (stating that for a case to be transferred under 28 U.S.C. § 1404(a) prior to the 2011 amendment, the defendant must demonstrate "that subject

matter jurisdiction, personal jurisdiction, and venue would have been proper . . . in the district to which transfer is sought" (citing *Hoffman v. Blaski*, 363 U.S. 335, 343-44 (1960))). Here, however, Defendants have not consented to personal jurisdiction in the proposed transferee forum. (*See* Stip. at 1.) Indeed, they have expressly not waived "objections to lack of personal jurisdiction." (*See id.*) Thus, the court concludes that, although Defendants may have stipulated to the transfer of this matter to the Southern District of New York, they have not "consented" to that "district" as required under the 2011 amendment to 28 U.S.C. § 1404(a). *See* 28 U.S.C. § 1404(a) (stating that transfer is permitted "to any district or division to which all parties have consented," among other requirements).

In addition, the parties fail to provide the court sufficient information to grant their stipulation. The question of whether to transfer venue traditionally involves a two-pronged inquiry: (1) whether the district where the parties seek to transfer an action is one where the case might have been brought, and (2) whether the transfer serves the convenience of the parties and witnesses and the interests of justice, which in turn requires the court to consider a number of private and public factors. *See Luchini v. CarMax, Inc.*, No. 1:12CV0417 LJO DLB, 2012 WL 2401530, at *3 (E.D. Cal. June 25, 2012); *see also Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986), *superseded by statute on other grounds by* 28 U.S.C. § 1391 (ruling that "a district court can consider private and public factors affecting the convenience of the forum").

As noted above, the 2011 amendment to 28 U.S.C. § 1404(a) permits a district court to transfer a civil action not only to a venue where the action could have been originally brought by the plaintiff, but also to a venue to which all the parties have consented or stipulated. *See Fesniak*, 2015 WL 9462087, at *4, n.2  The question of whether to transfer venue, however, remains a two-pronged inquiry. *See Microspherix LLC v. Biocompatibles, Inc.*, No. 9:11-cv-80813-KMM, 2012 WL 243764, at *2 n.2 (S.D. Fla. Jan 25, 2012).  Thus, the alternative forum first must be one in which the action could have originally been brought by the plaintiff *or* one to which all the parties have consented. *Id.*  Second, the court must still assess whether the transfer serves the convenience of the parties and witnesses and is in the interest of justice. *See id.* (stating that even after the 2011 amendment, "[t]he second prong still requires [c]ourts to balance private and public factors to determine whether or not transfer is justified").  Here, the parties' stipulation provides the court with no information on which the court could assess the second prong for transfer under 28 U.S.C. § 1404(a).  (*See generally* Stip.)  Thus, the court declines to transfer this matter unless the parties demonstrate that the second prong of 28 U.S.C. § 1404(a)—that transfer serves "the convenience of parties and witnesses" and is "in the interest of justice"—is met.

Because Defendants have failed to consent to personal jurisdiction in the Southern District of New York and because the parties have failed to provide the court with sufficient information to assess whether transfer would serve "the convenience of parties

//

//

and witnesses" and be "in the interest of justice," the court DENIES the parties' stipulation to transfer this matter to the Southern District of New York without prejudice to re-filing the stipulation in a manner that complies with the strictures of 28 U.S.C. § 1404(a).

Dated this 3rd day of January, 2020.

JAMES L. ROBART
United States District Judge